**STATE OF WEST VIRGINIA**

*In re* **M.G., J.G.-1, J.G.-2, A.G.-1, and C.G.**

**No. 17-1020** (Wayne County 16-JA-78, 79, 80, 81, and 85)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.G.-2, by counsel Shawn Bartram, appeals the Circuit Court of Wayne County's October 20, 2017, order terminating his parental rights to M.G., J.G.-1, J.G.-2, A.G.-1, and C.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Melia Atwell Adkins, filed a response on behalf of the children, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based upon insufficient evidence that he failed to correct the conditions of abuse and/or neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner and A.R.[2] The DHHR alleged that it received two referrals regarding issues with truancy, lice, and unsanitary home conditions. A seven-day protection plan was implemented and then extended for forty-eight hours in order to allow petitioner and A.R. to seek treatment for their mental

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as J.G.-1 and J.G.-2, respectively, throughout this memorandum decision. One of the children and petitioner also share the same initials and so we will refer to them as A.G.-1 and A.G.-2, respectively, throughout this memorandum decision.

[2]A.R. is the mother of A.G.-1 and C.G., who was born during the proceedings.

1

health issues. Child Protective Services ("CPS") opened a case at that time in order to provide services, but ultimately filed the instant petition due to continued concerns. The DHHR also alleged that petitioner admitted to abusing marijuana, exhibited aggressive behavior, and refused to return the three oldest children to their mother, J.H.

The circuit court held an adjudicatory hearing in August of 2016, during which petitioner stipulated to substance abuse and inappropriate housing for the children. Petitioner tested positive for cocaine and marijuana at the time of the hearing. The circuit court granted legal custody of the children to the DHHR, but ordered that physical placement of the children remain with petitioner and A.R.

In September of 2016, the circuit court held a dispositional hearing during which it found that petitioner and A.R. continued to have substance abuse issues and inappropriate housing. As such, the circuit court found that it was contrary to the best interests of the children to remain in petitioner's custody and placed M.G., J.G.-1, and J.G.-2 in foster care, and placed A.G.-1 with his maternal grandfather. The circuit court granted petitioner a six-month post-adjudicatory improvement period and ordered that he undergo a psychological evaluation.

Several review hearings were held throughout the improvement period and petitioner was described as moderately compliant with the terms and conditions. However, in July of 2017, petitioner was arrested and charged with maintaining a dwelling for the purpose of selling a controlled substance. Due to his arrest, petitioner and A.R. were evicted from their home. A.R. gave birth to C.G., petitioner's child, in August of 2017, and the DHHR filed a petition requesting custody of the newborn shortly thereafter. The circuit court held an adjudicatory hearing in September of 2017 and found that C.G. was neglected based on the ongoing CPS case and the four older children remaining in the custody of the DHHR, petitioner and A.R.'s eviction from their home, and petitioner's arrest. Accordingly, petitioner was adjudicated as an abusing parent. The circuit court placed C.G. with A.G.-1, in the home of their maternal grandfather.

In October of 2017, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. The circuit court provided an in-depth overview of the occurrences and previous findings in the case to date. The circuit court noted that petitioner participated in services but did not internalize the information taught or correct the circumstances of abuse or neglect. Petitioner missed several drug screens, tested positive for marijuana on at least three occasions, and for opiates and amphetamines on one occasion. The circuit court noted that petitioner ceased attending his mental health treatment and admitted to self-medicating. Further, petitioner did not interact with the children during his supervised visitation due to excessive cellphone usage. After the circuit court's summarization, a DHHR worker testified that petitioner made no progress in his improvement period, failed to obtain employment, failed to maintain suitable housing, and discontinued his mental health treatment. After hearing evidence, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of neglect in the near future and that termination of his parental rights was in the

children's best interests. It is from the October 20, 2017, dispositional order terminating petitioner's parental rights that he appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. Specifically, petitioner argues that the circuit court erred in finding sufficient evidence to terminate his parental rights when the DHHR only presented the testimony of one witness at the dispositional hearing. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, the circuit court spent ample time reviewing petitioner's performance and reiterating its previous findings on the record during the dispositional hearing. After reviewing the record and hearing the testimony of the DHHR worker, the circuit court found that sufficient evidence existed to find that there was no reasonable likelihood that petitioner could correct the

---

[3]The parental rights of A.R., the mother of A.G.-1 and C.G., were terminated below. The children were placed with their maternal grandfather and the permanency plan is adoption in that home. The parental rights of J.H., the mother of M.G., J.G.-1, and J.G.-2, were also terminated below. The children were placed with a foster family and the permanency plan is adoption in that home.

conditions of abuse and neglect. Petitioner stipulated to abusing and/or neglecting his children based upon his substance abuse and inadequate housing but did not correct either of these issues, despite having received substantial services throughout the post-adjudicatory improvement period. At the time of the dispositional hearing, petitioner was unemployed and homeless due, in part, to his arrest for attempting to sell controlled substances out of his home and resulting eviction. Petitioner continued to test positive for controlled substances throughout the proceedings below and failed to complete his mental health treatment. Therefore, we find that, based upon its review of the record in its entirety and the testimony of the DHHR worker, the circuit court did not err in finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect and that termination was necessary for the children's welfare. As mentioned above, circuit courts are to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 20, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker